IN THE UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF PENNSYLVANIA

2012 APR 20 P 11: 28

USDC-EDPA
REC'V. CLERK

| | | |
|---|---|---|
| VENU SURYA | : | Case No.: 11-3967 |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION |
| | : | |
| DREXEL UNIVERSITY POLICE | : | |
| DEPARTMENT, | : | |
| Defendant. | : | |

## O R D E R

**AND NOW**, this _____ day of _____, 2012, upon consideration of Defendant's Motion To Dismiss Plaintiff's Claims, Or Alternatively, Preclude Plaintiff From Offering Evidence To Support His Claims, And For Summary Judgment, and Plaintiff's Opposition thereto, if any, it is hereby **ORDERED** that Defendant's Motion is **GRANTED, and further ORDERED that**

(1) Plaintiff's claims are dismissed pursuant to Rule 37(d) of the Federal Rules of Civil based on Plaintiff's failure to comply with his discovery disclosure obligations and failure to appear for a properly noticed deposition;

(2) Plaintiff is precluded from presenting any testimony or evidence, pursuant to Rule 37 (c) of the Federal Rules of Civil, based on Plaintiff's failure to comply with his discovery disclosure obligations under Rule 26(a); and

(3) Summary judgment is hereby entered on Plaintiff's claims based on Plaintiff's failure to identify any admissible evidence to support his allegations.

**BY THE COURT:**

_____
                                                    **J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA



| | | |
|---|---|---|
| VENU SURYA | : | |
| | : | Case No.: 11-3967 |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| DREXEL UNIVERSITY POLICE | : | |
| DEPARTMENT, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIMS,
OR ALTERNATIVELY, PRECLUDE PLAINTIFF FROM OFFERING
EVIDENCE TO SUPPORT HIS CLAIMS, AND FOR SUMMARY JUDGMENT**

Defendant, Drexel University ("Drexel") by and through its undersigned counsel, hereby moves, pursuant to Federal Rule of Civil Procedure Rule 37( c ) and 37(d)(1)(i), for an Order dismissing the claims of Plaintiff Venu Surya ("Plaintiff"), or alternatively, precluding him from offering any evidence or testimony to support his claims due to Plaintiff's repeated refusal to provide disclosures required by Rule 26(a) and failure to appear for his deposition, which had been noticed by Drexel, and, pursuant to Rule 56, for summary judgment. In support thereof, Drexel states as follows:

    1.    This is a civil rights action brought by Plaintiff arising from his arrest for disorderly conduct by members of Drexel's police department. Plaintiff is proceeding *pro se*.

    2.    At a December 15, 2011 Status Conference, the Court reminded Plaintiff of the Scheduling Order that the Court had issued and that discovery was to be completed by the March 2, 2012 deadline set forth in that Scheduling Order. The Court further instructed Plaintiff that

he was to serve Drexel's counsel with a copy of any papers he submitted to the Court. (*See* Docket, Doc. No. 19)

3.     At that Status Conference, the Court also admonished Plaintiff not to file any more requests for a default or a default judgment. (*See* Docket, Doc. No. 19)

4.     Six days later, in direct defiance of the Court's emphatic admonition that he was *not* to file any additional requests for a default, Plaintiff brazenly filed a Request for Entry of Default. (*See* Docket, Doc. No. 18)

5.     In making his prohibited filing, Plaintiff also defied the Court's directive that he provide Drexel's counsel with a copy of all documents filed with the Court.  Plaintiff failed to provide Drexel's counsel with a copy of his Request for Entry of Default.

6.     On December 16, 2011, Plaintiff provided Drexel's counsel with his email address and telephone number for the purposes of communications regarding this case, which were the same address and telephone number that were listed in Plaintiff's Complaint.  (*See* Exhibit 4 to Transcript of Plaintiff's Scheduled Deposition, attached hereto as Exhibit "A")

### Plaintiff's Failure to Provide Rule 26(a) Disclosures

7.     On January 11, 2012, by email, First Class Mail and Federal Express delivery, Drexel provided Plaintiff with Drexel's Rule 26(a) disclosures and requested that Plaintiff provide Drexel with Plaintiff's initial disclosures as soon as possible.  (*See* January 11, 2012 Email from John F. O'Riordan to Plaintiff, attached hereto as Exhibit "B")

8.     Plaintiff failed to provide any response to Drexel's request.

9.     On January 27, 2012, Plaintiff filed a request to stay this action and in doing so, again defied this Court's directive that he provide Drexel's counsel with copies of all court

filings. Plaintiff failed to provide Drexel with a copy of Plaintiff's request for a stay; Drexel is unaware of the contents of that request. (*See* Docket, Doc. No. 20)

10. By Order dated January 31, 2012, the Court denied Plaintiff's request for a stay. (*See* Docket, Doc. No. 20) The Court noted that Plaintiff failed to provide the Court with any information as to Plaintiff's efforts to accomplish or engage in any pretrial tasks and also noted that the discovery deadline was more than one month away from the date of the Court's Order.

11. On February 6, 2012, almost four weeks after Drexel had requested Plaintiff to provide his Rule 26(a) disclosures, Drexel's counsel sent Plaintiff a second request for Plaintiff's disclosures, stating that he wished to avoid getting the Court involved. (*See* Exhibit 1 to Transcript of Plaintiff's Scheduled Deposition, attached hereto as Exhibit "A")

12. Plaintiff failed to respond to Drexel's second request for Plaintiff's Rule 26(a) disclosures and, to date, has not provided any Rule 26(a) disclosures.

13. Plaintiff's failure and refusal in the face of repeated requests from Drexel's counsel to provide Plaintiff's Rule 26(a) disclosures violates the Rules of Civil Procedure, and prejudiced Drexel's ability to defend against Plaintiff's claims.

14. Plaintiff's continuing refusal to communicate and to cooperate in discovery has cost Drexel time and money, and is subject to sanction under Rule 37(c) of the Federal Rules of Civil Procedure, which states that if "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), ***the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial***, unless the failure was substantially justified or is harmless." (emphasis added)

3

15.   Plaintiff's failure to provide his Rule 26(a) disclosures was neither substantially justified nor harmless, and having failed to identify any witnesses, documents, or compute his alleged damages, he should not be permitted to offer any such information to support his claims.

**Plaintiff's Failure to Appear for His Scheduled Deposition**

16.   On February 8, 2012, two days after Drexel made its second request for Plaintiff's Rule 26(a) disclosures, Drexel's counsel sent Plaintiff a Notice of Deposition, scheduling Plaintiff's deposition for February 20, 2012 and asking Plaintiff to contact counsel immediately if Plaintiff had any "problems, questions, or concerns regarding the Notice or your deposition." (*See* Exhibits 1 and 2 to Transcript of Plaintiff's Scheduled Deposition, attached hereto as Exhibit "A")  The Notice of Deposition was served via First Class Mail and electronic mail, and was also sent to Plaintiff by Federal Express delivery.

17.   On Friday, February 17, 2012, having received neither Plaintiff's initial disclosures nor any communication from Plaintiff regarding any scheduling conflict or a request that his February 20, 2012 deposition be rescheduled, Drexel's counsel emailed Plaintiff to remind him of his scheduled deposition. (*See* Exhibit 3 to Transcript of Plaintiff's Scheduled Deposition, attached hereto as Exhibit "A")

18.   Plaintiff failed to appear for his February 20, 2012 scheduled deposition and failed to contact to Drexel's counsel to notify him that Plaintiff would not be appearing.  (*See* Transcript of Plaintiff's Scheduled Deposition at p. 4, attached hereto as Exhibit "A")

19.   Drexel's counsel attempted to contact Plaintiff by telephone using the telephone number that Plaintiff had provided to the Court and to Drexel's counsel.  However, calls to Plaintiff's telephone number were met with prerecorded message that stated "***at the subscriber's request, this phone does not accept incoming calls.***"

4

20.   Drexel's counsel also attempted to contact Plaintiff by email on February 20, 2012 regarding his failure to attend his deposition. (*See* February 20, 2012 Email, Exhibit "C" hereto)

21.   On February 21, 2012, Plaintiff replied to Drexel's counsel email, stating that he was "out of the country for personal reasons" and had requested the Court to "defer actions on the case" until he returned in May.  (*See* February 21, 2012 Emails, Exhibit "D" hereto)  Plaintiff stated that *he will be back in the United States by May 10, 2012*. (Id.)

22.   Plaintiff's failure and refusal to appear at his scheduled deposition and failure and refusal to communicate regarding discovery matters is in violation of the Rules of Civil Procedure, is without justification, and prejudiced the Drexels' ability to engage in discovery and to defend against Plaintiff's claims.

23.   Drexel was billed the amount of $ 126.25 by the court reporting service which appeared for the February 20, 2012 scheduled deposition.  (*See* February 21, 2012 Invoice attached hereto as Exhibit "E")

24.   Plaintiff's refusal to cooperate in discovery and failure to appear for deposition are subject to sanction under Federal Rule of Civil Procedure Rule 37(d) which provides that if a party fails to appear for deposition after being served with proper notice, the court may enter an order prohibiting Plaintiff from offering evidence to support his claims, and/or dismissing Plaintiff's action.

25.   Precluding Plaintiff from offering his testimony is a fitting and appropriate sanction for Plaintiff's failure to appear for deposition and provide deposition testimony, and for his continued absence from the country until after the close of discovery, after the close of expert

designation and discovery, and after the date for the filing of dispositive motions, particularly where Plaintiff sought and was denied a stay of this action.

26.   Plaintiff's failure to provide his Rule 26(a) disclosures despite repeated requests, to appear for his properly noticed deposition, and to comply with this Court's Scheduling Order are not aberrational but instead are part of a pattern of disregard and defiance.  Plaintiff has repeatedly ignored and/or defied this Court's instructions and directives – both in this case and in another case that he has pending before this Court. (*See Surya v. Holden*, EDPA, No. 11-3646)

**Motion For Summary Judgment**

27.   As Plaintiff has failed to come forward and identify any facts to support his easily-made allegations, and there are no facts to support those allegations, Drexel hereby moves for summary judgment  pursuant to F.R.Civ.P. Rule 56.

**WHEREFORE**, Drexel respectfully requests that the Court enter an Order in its favor and against Plaintiff, dismissing Plaintiff's claims pursuant to Rule 37, or in the alternative precluding Plaintiff from offering any evidence, witnesses, or testimony in support of his claims, and pursuant to Rule 56, granting summary judgment in Drexel's favor, together with fees and costs and such other and further relief as the Court deems just.

O'RIORDAN LAW FIRM

By:         */s/ John F. O'Riordan*
            John F. O'Riordan, Esquire
            I.D. No. 59311
            Two Liberty Place
            50 South 16th St., 22nd Floor
            Philadelphia, PA  19102
            (215) 568-6864
            Email: jfo@oriordanlaw.com

            *Attorney for Defendant Drexel University*

Date:  April 20, 2012

6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VENU SURYA | : | Case No.: 11-3967 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| DREXEL UNIVERSITY POLICE | : | |
| DEPARTMENT, | : | |
| | : | |
| Defendant. | : | |
| | : | |

FILED

APR 2 0 2012

MICH... ..., Clerk
By_____ Dep. Clerk

**DEFENDANT'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S
CLAIMS, OR ALTERNATIVELY, PRECLUDE PLAINTIFF FROM OFFERING
EVIDENCE TO SUPPORT HIS CLAIMS, AND FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

This action was brought by *pro se* Plaintiff Venu Surya ("Plaintiff") whose Complaint contains the easily-made allegation that he was falsely arrested for disorderly conduct by members of Defendant's Drexel University ("Drexel") police department.  Plaintiff has failed to prosecute his alleged claims and made it impossible for Drexel to defend against his allegations. Despite repeated requests, Plaintiff has failed to produce the Rule 26(a) Disclosures required of all parties, leaving Drexel in the dark about the nature of his claim and any damages that he might be claiming. Adding insult to injury, Plaintiff simply ignored a Notice of Deposition Drexel served upon him and failed to appear despite Drexel's emailed reminder of that scheduled deposition. Making matters even worse, in addition to ignoring written and email communications addressed to him, Plaintiff effectively precluded any communication as *he has programmed his cell phone not to accept incoming telephone calls*.  Plaintiff's stonewalling

tactics culminated in an email message he sent the day after he failed to appear for his deposition, stating that he was out of the country and would not return to the United States until May 5, 2012, which was well after the close of discovery and dispositive motion cutoff date in this matter. (*See* Exh. D to Drexel's Motion)

Drexel therefore seeks an Order, pursuant to Rule 37( c ) and Rule 37(d)(1)(i) of the Federal Rules of Civil Procedure, dismissing Plaintiff's claims, or alternatively, precluding Plaintiff for offering any evidence or testimony to support those claims based on Plaintiff's repeated refusal to provide disclosures required by Rule 26(a) and on his unjustified failure to appear for his deposition, which had been noticed by Drexel.

Plaintiff's refusal to produce his Rule 26(a) Disclosures and refusal to appear for deposition are without justification and have prejudiced Drexel's ability to defend against Plaintiff's largely unspecified claim and unidentified alleged damages.  Plaintiff has a history, in this case and in another case that he has pending before this Court,[1] of ignoring and defying Court instructions and admonitions, and has made no effort to comply with the Court's policies and procedures that govern the prosecution of a federal lawsuit.  Given his continued obstructionist conduct, Drexel now move pursuant to dismiss this action and/or preclude Plaintiff's presentation of evidence due to Plaintiff's refusal to produce the Disclosures required of him and to appear for his deposition.  Finally, Drexel also moves for summary judgment based upon Plaintiff's failure to identify any facts or evidence to support his allegations.  Drexel submits this Memorandum in support of its Motion.

---

[1] *See Surya v. Holden*, EDPA, No. 11-3646.

2

## II.   <u>STATEMENT OF FACTS</u>[2]

At a December 15, 2011 Status Conference, the Court reminded Plaintiff of the Scheduling Order that the Court had issued and that discovery was to be completed by the March 2, 2012 deadline set forth in that Scheduling Order.   The Court further instructed Plaintiff that he was to serve Drexel's counsel with a copy of any papers he submitted to the Court, and admonished Plaintiff *not* to file any more requests for a default or a default judgment.

Six days later, in direct defiance of the Court's emphatic admonition that he was *not* to file any additional requests for a default, Plaintiff brazenly filed a Request for Entry of Default. (*See* Docket, Doc. No. 18)   In making his prohibited filing, Plaintiff also defied the Court's directive that he provide Drexel's counsel with a copy of all documents filed with the Court. Plaintiff did exactly the opposite – he failed to provide Drexel's counsel with a copy of his Request for Entry of Default.

On December 16, 2011, Plaintiff provided Drexel's counsel with his email address and telephone number for the purposes of communications regarding this case.   Drexel has attempted to contact Plaintiff both by email and telephone but those efforts have been largely ignored.

### A.   <u>Plaintiff's Failure to Provide Rule 26(a) Disclosures</u>

On January 11, 2012, by electronic mail, U.S. First Class Mail,. and Federal Express delivery, Drexel provided Plaintiff with Drexel's Rule 26(a) disclosures and requested that Plaintiff provide Drexel with Plaintiff's initial disclosures as soon as possible.   Plaintiff failed to provide any response to Drexel's request.

On January 27, 2012, Plaintiff filed a request to stay this action and in doing so, again defied this Court's directive that he provide Drexel's counsel with copies of all court filings.

---

[2] The facts set forth herein are listed in Drexel's Motion along with citations to the attached exhibits which support those facts.

Plaintiff failed to provide Drexel with a copy of Plaintiff's request for a stay; Drexel is unaware of the contents of that request.

By Order dated January 31, 2012, the Court denied Plaintiff's request for a stay.  (*See* Docket, Doc. No. 20) The Court noted that Plaintiff failed to provide the Court with any information as to Plaintiff's efforts to accomplish or engage in any pretrial tasks and also noted that the discovery deadline was more than one month away from the date of the Court's Order.

On February 6, 2012, almost four weeks after Drexel had requested Plaintiff to provide his Rule 26(a) disclosures, Drexel's counsel sent Plaintiff a second request for Plaintiff's disclosures, stating that he wished to avoid getting the Court involved. (*See* Exhibit 1 to Transcript of Plaintiff's Scheduled Deposition, attached hereto as Exhibit "A")  Plaintiff failed to respond to Drexel's second request for Plaintiff's Rule 26(a) disclosures and, to date, has not provided any Rule 26(a) disclosures.

### B.  Plaintiff's Failure to Appear for His Scheduled Deposition

On February 8, 2012, two days after Drexel made its second request for Plaintiff's Rule 26(a) disclosures, Drexel's counsel sent Plaintiff a Notice of Deposition, scheduling Plaintiff's deposition for February 20, 2012 and asking Plaintiff to contact counsel immediately if Plaintiff had any "problems, questions, or concerns regarding the Notice or your deposition." (*See* Exhibits 1 and 2 to Transcript of Plaintiff's Scheduled Deposition, attached hereto as Exhibit "A")  The Notice of Deposition was served via First Class Mail and electronic mail, and was also sent to Plaintiff by Federal Express delivery.

On Friday, February 17, 2012, having received neither Plaintiff's initial disclosures nor any communication from Plaintiff regarding any scheduling conflict or a request that his February 20, 2012 deposition be rescheduled, Drexel's counsel emailed Plaintiff to remind him

of his scheduled deposition. (*See* Exhibit 3 to Transcript of Plaintiff's Scheduled Deposition, attached hereto as Exhibit "A")

Plaintiff failed to appear for his February 20, 2012 scheduled deposition and failed to contact to Drexel's counsel to notify him that Plaintiff would not be appearing.  Drexel's counsel attempted to contact Plaintiff by telephone using the telephone number that Plaintiff had provided to the Court and to Drexel's counsel.  However, calls to Plaintiff's telephone number were met with prerecorded message that stated "*at the subscriber's request, this phone does not accept incoming calls.*"

Drexel's counsel also attempted to contact Plaintiff by email on February 20, 2012 regarding his failure to attend his deposition. (*See* February 20, 2012 Email, Exhibit "B" hereto) On February 21, 2012, Plaintiff replied to Drexel's counsel email, stating that he was "out of the country for personal reasons" and had requested the Court to "defer actions on the case" until he returned in May.  (*See* February 21, 2012 Emails, Exhibit "D" hereto)  Plaintiff stated that *he will be back in the United States by May 10, 2012*. (Id.)

Drexel was billed the amount of $ 126.25 by the court reporting service which appeared for the February 20, 2012 scheduled deposition.  (*See* February 21, 2012 Invoice attached as Exhibit "E" to Drexel's Motion)

### III.   ARGUMENT

#### A.  Plaintiff's Claims Should Be Dismissed As A Sanction

Federal Rule of Civil Procedure 37(d) states that "if a party ... fails to appear before the officer who is to take the deposition, after being served with a proper notice, ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of

5

subdivision (b)(2) of this rule. *See* Fed.R.Civ.P. 37(d).   Rule 37(d) allows a court to make such orders "as are just," it specifically references the sanctions outlined in Rule 37(b)(2), which permits a court to issue an order "dismissing the action" as a sanction for discovery abuse or failure to comply with a court order. *See* Fed.R.Civ.P. 37(b)(2)(C).

The Third Circuit set forth the following six factors a court must balance when determining whether to dismiss an action as a sanction for discovery abuse: (1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or the attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. *See Poulis v. State Farm Fire & Cas. Co.*,747 F.2d 863, 867-68 (3d Cir.1984). In deciding whether to dismiss the action under *Poulis*, the court is required to engage in a balancing of the factors in the "context of the district court's extended contact with the litigant." *Id.* Against this backdrop and consideration of the *Poulis* factors, Plaintiff's action should be dismissed.

### 1.  Extent of Plaintiff's Personal Responsibility

The first *Poulis* factor looks at the party's personal responsibility for the misconduct. Here, Plaintiff is representing himself. This is not a case where Plaintiff's counsel is responsible for the discovery violations. Although courts grant pro se litigants some leeway in following the requirements detailed in the Federal Rules of Civil Procedure, all litigants have an "obligation to comply with court orders." *See Burns v. Glick*, 158 F.R.D. 354, 356 (E. D. Pa 1994).

Here, Plaintiff ignored the Court's Scheduling Order, ignored the Court's admonition about the discovery cutoff and the need to comply with Court rules and procedures, defied the

Court's explicit and emphatic instruction not to file further requests for a default judgment, and defied the Court's instruction that Plaintiff was to serve opposing counsel with copies of all papers filed with the Court.  Moreover, Court made special accommodations for Plaintiff's *pro se* status by directing Drexel to serve Plaintiff by electronic mail, U.S. Mail, and overnight delivery.   Plaintiff has ignored his obligations and ignored the Court's instructions and admonitions. No one else is responsible for his failures, weighing in favor of dismissing Plaintiff's claim.

### 2.  Prejudice to Defendant

The second *Poulis* factor concerns the prejudice to Drexel caused by Plaintiff's misconduct. To find prejudice, a court does not need to find evidence of "irremediable harm" to the opposing party. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 223 (3d Cir. 2003). Courts look for evidence of extra costs, repeated delays, and the need to file additional motions in response to the abusive behavior of the responsible party. *See Ware v. Rodale Press, Inc.*, 2002 WL 89604 (E.D. Pa. 2002).  Under *Poulis*, evidence of prejudice to the opposing party weighs heavily in favor of dismissal. *See Smith v. Altegra Credit Co.*, 2004 WL 2399773 (E.D. Pa. 2004).

Here, Plaintiff's failure to make any Rule 26(a) Disclosures whatsoever, his failure to attend his deposition, and his leaving the United States for the critical months of discovery and dispositive motions in this case has clearly prejudiced Drexel.  Drexel twice notified Plaintiff of his obligation to serve Rule 26(a) Disclosures – first, in early January and again, in early February. Lacking any Disclosures or other information about Plaintiff's claims and alleged damages, Drexel scheduled Plaintiff's deposition, gave him adequate notice, and emailed Plaintiff to remind him of his upcoming deposition.   Drexel prepared for the scheduled

7

deposition, provided a court reporter at that scheduled depositions, and filed this motion as a result of Plaintiff's defiance of his discovery obligations. These costs of time and money were the direct result of Plaintiff's failure to disclose and his failure to attend his scheduled deposition.

In addition to the time and money Drexel has incurred, Drexel has also been prejudiced by the delay Plaintiff's behavior will cause in the case and by Drexel's inability to discover the nature of his claims and damages. Plaintiff's failure to disclose and failure to appear for his own deposition will delay the progress of this case considerably and impair Drexel's ability to effectively defend against Plaintiff's claim. A " 'prolonged delay in litigating a case creates a presumption of prejudice' because it harms a defendant's ability 'to present a full and fair defense on the merits of plaintiff's claim." ' *Smith*, 2004 WL 2399773 (quoting *Beckman v. Integrated Sys. Int'l, Inc.*, 2002 U.S. Dist. LEXIS 19394, *10 (E.D.Pa. Sept. 30, 2002)). The prejudice to Drexel also weighs toward dismissing Plaintiff's claim.

### 3. Plaintiff's History of Dilatoriness

The third *Poulis* factor examines Plaintiff's history of dilatoriness. "Extensive or repeated delay or delinquency ... such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders" constitutes a history of dilatoriness. *Adams v. TRs. of the N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d cir. 1994). Here, as recounted in detail above, and as emphasized in this Court's January 31, 2012 Order in Surya v. Holden, Plaintiff has ignored Court Orders and instructions, failed to provide make his Rule 26(a) Disclosures, failed to appear for a properly noticed deposition, and removed himself from the United States, thereby negating any further attempt to conduct his deposition. (See Surya v. Holden Docket, Doc. No. 15) Plaintiff's actions demonstrate a history of dilatoriness weighing in favor of dismissing Plaintiff's claim.

### 4. Plaintiff's Willfulness or Bad Faith

Under the fourth *Poulis* factor, the Court determines whether Plaintiff acted willfully or in bad faith. "Willfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 32. In evaluating whether to dismiss with prejudice, the Court looks for the "type of willful or contumacious behavior that can be characterized as acting in 'flagrant bad faith.' " ' *Smith*, 2004 WL 2399773 (quoting *Adams*, 29 F.3d at 32). As noted above, Plaintiff has failed to make the required Rule 26 Disclosures despite repeated demand, and failed appear for a properly noticed depositions, simply choosing not to appear, call or provide any justification. Plaintiff was well aware of his obligations to disclose and to attend his deposition, yet still failed to do so. Moreover, Plaintiff's ignoring the Court's Order not to file any additional requests for a default judgment and ignoring the Court's instruction to serve opposing counsel with copies of all papers filed with the Court are compelling evidence that Plaintiff's behavior can only be construed as evincing bad faith and willfulness, and again weighs in favor of dismissal.

### 5. Effectiveness of Alternative Sanctions

The fifth *Poulis* factor requires the Court to examine the effectiveness of sanctions other than dismissal. Courts often impose monetary sanctions to discourage future discovery abuse. However, monetary sanctions are not an option here because Plaintiff is proceeding pro se and apparently unemployed, discovery is over, and because monetary sanctions alone would not deter parties such as Plaintiff who completely disregard Court orders and their discovery obligations.  There is no reason to believe that Plaintiff is able to pay any monetary sanctions or that such sanctions would deter his blatant disregard for the judicial process.

There is no reason to believe that Plaintiff would suddenly start to obey the Court's directives, or comply with the Court's Orders, nor should Drexel have to go to the time and

expense of making additional efforts to discover Plaintiff's claims and damages.  Court Orders and the Rules of Civil Procedure are not there to be ignored or defied. Dismissal is the only appropriate sanction at this time.

### 6.  Meritoriousness of Plaintiff's Claim

Finally, under the last *Poulis* factor, the Court must look at the meritoriousness of Plaintiff's claim.  Here, Plaintiff's obstructionism and stonewalling has made it impossible to even determine whether he has stated a claim. Given the heavy burden on Plaintiff, it is far from clear that he has a meritorious claim and can sustain his burden.

Plaintiff's refusal to serve Rule 26(a) Disclosures and to appear at deposition violates the Rules of Civil Procedure, is not justified, and prejudices Drexel's ability to engage in the normal course of authorized discovery and motion practice in defense of this action.  Even if any of the *Poulis* factors weighed in favor of Plaintiff, which Drexel disputes, the balance of the other *Poulis* factors certainly tips heavily in Drexel's favor in this action, thus justifying the dismissal of the case.

### B.  Alternatively, Plaintiff Should Be Precluded From Offering Any Testimony Or Evidence To Support His Claims Based On His Failure To Make His Rule 26(a) Disclosures.

Fed.R.Civ.P. 26(a)(1) provides for self-executing disclosures, as it requires a party upon its own initiative to disclose the names, addresses and telephone numbers of each individual likely to have discoverable information relevant to disputed facts; a copy or description of all documents and tangible things that the disclosing party may use to support their claims, and a computation of each category of damages claims by the disclosing party.  *See* Fed.R.Civ.P. 26(a)(1)(A)(i – iii)  It is undisputed that, despite repeated demand by Drexel, Plaintiff failed and

refused to identify any witnesses, documents, or tangible evidence, and failed to provide any description or computation of damages.

Fed.R.Civ.P. 37(c)(1) provides that a party who

> *without substantial justification* fails to disclose information required by Rule 26(a) or 26(e)(1) ***shall not, unless such failure is harmless, be permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.*** In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.

*See* Fed.R.Civ.P. 37(c)(1) (emphasis added); *see also Nicholas v. Pennsylvania State University*, 227 F. 3d 133, 148 (3rd Cir. 2000)(affirming trial court's imposition of discovery sanction precluding evidence of lost earnings based upon plaintiff's failure to disclose as required by Rule 26(a)) Rule 37 is written in mandatory terms, and "is designed to provide a strong inducement for disclosure of Rule 26(a) material." *Harlow v. Eli Lilly & Co.*, 1995 WL 319728 at *2, 1995 U.S. Dist. LEXIS 7162 at *7 (N.D.Ill. May 25, 1995).

In considering whether the exclusion of evidence is an appropriate sanction for **failure** to comply with discovery duties, the Court should consider four factors: (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation. *See Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir.1997).

As discussed in the above section regarding Drexel's Motion for Dismissal, Drexel has been prejudiced by Plaintiff's willful and bad faith discovery abuses and there is little that can be done to cure that prejudice as trial approaches and Plaintiff is not even present in the United

11

States.   To permit Plaintiff to ignore entirely all of the rules regarding discovery and court procedure will disrupt the orderly and efficient trial of this case and will further prejudice Drexel's ability to defend itself.

Plaintiff's defiance of the Court and his disregard of his obligations under the Rules of Civil procedure in this case are egregious, persistent, and pervasive.  That Plaintiff is *pro se* is no excuse.  The 1993 Advisory Committee Comments to Rule 37( c )(1) specifically address the application of preclusion sanctions to pro se parties who fail to comply with their Rule 26(a) obligations.  Indeed, the Committee envisioned some allowances for *pro se* parties who might be unaware of the requirement for disclosures and opined that such a circumstance might fall within the "substantial justification" exception to Rule 37( c )(1)'s self-executing sanction.  However, the Committee emphasized that even if a *pro se* party might otherwise have been unaware of his or her disclosure obligations, **"exclusion [of evidence] would be proper if the requirement for disclosure had been called to the litigant's attention by either the court or another party**."  *See* Fed.R.Civ.P. 37 Notes of Advisory Committee on Rules—1993 Amendments, subdivision (c) (emphasis added).   Here, regardless of what Plaintiff knew or didn't know on his own, ***Plaintiff's obligation to serve Rule 26(a) Disclosures was brought to his attention by Drexel on two separate occasions***: January 11, 2012 and again on February 6, 2012.   Plaintiff was clearly on notice of his discovery obligations and consciously chose to disregard them without any justification whatsoever.   He should be precluded from offering any testimony or evidence pursuant to Rule 37 ( c )(1).

### C. Summary Judgment Should Be Entered Against Plaintiff For Failure To Produce Any Evidence To Support His Claims.

Drexel moves for summary judgment based on Plaintiff's complete failure to identify any evidence to support his claims.  Where, as here, the party opposing a motion for summary

judgment bears the ultimate burden of proof on an issue at trial, the moving party discharges its burden by "pointing out" to the court that there is an absence of evidence supporting the nonmoving party's claim. *Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135, 140 (3d Cir. 2004). The non-moving party then must identify evidence of record that creates a genuine issue of material fact if it is to survive summary judgment. *Childers v. Joseph*, 842 F.2d 689, 694-95 (3d Cir. 1988).  Plaintiff has failed to identify any evidence of any wrongdoing by Drexel and therefore summary judgment is entirely appropriate.  Furthermore, even if Plaintiff should now, at this late date, attempt to offer any such evidence, he should be precluded from doing so for the reasons discussed above.  In that case too, summary judgment is warranted.

## IV.    **CONCLUSION**

For all of the foregoing reasons, the action should be dismissed.

O'RIORDAN LAW FIRM

By:      _____/s/ John F. O'Riordan_____
         John F. O'Riordan, Esquire
         I.D. No. 59311
         Two Liberty Place
         50 South 16th St., 22nd Floor
         Philadelphia, PA  19102
         (215) 568-6864
         Email: jfo@oriordanlaw.com

         *Attorney for Defendant Drexel University*

Date:  April 20, 2012

## CERTIFICATE OF SERVICE

I, John F. O'Riordan, Esquire, hereby certify that on April 20, 2012, I caused a true and correct copy of the foregoing Motion to be filed electronically with the Court, where it is available for viewing and downloading from the Court's ECF system, and further certify that I served, via First Class mail, postage prepaid, and via electronic mail, and am sending via Federal Express a true and correct copy of the foregoing Motion upon the following:

Venu Surya
130 Lucerne Blvd.
Cherry Hill, NJ 08003


_____/s/ John F. O'Riordan_____
John F. O'Riordan

FILED
APR 2 0 2012
MICHAEL KUNZ, Clerk
_____ Dep. Clerk

7