IN THE UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VENUE SURYA | : | |
| | : | Case No.: 11-3967 |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION |
| DREXEL UNIVERSITY POLICE DEPARTMENT, | : | |
| Defendant. | : | |

**DEFENDANT'S PRETRIAL MEMORANDUM**

Defendant Drexel University Police Department ("Drexel"), through its undersigned counsel, submits this Pretrial Memorandum pursuant to this Court's October 25, 2011 Scheduling Order:

### I.  NATURE OF THE CASE

This is a civil rights action brought by Plaintiff Venu Surya ("Plaintiff") arising from his arrest for disorderly conduct by members of Drexel's police department. Plaintiff is proceeding *pro se* and his handwritten Complaint stated only that the basis for this Court's jurisdiction was "Federal Questions" and "Civil Rights Violation."

### II.  FACTS

1. Plaintiff has failed to come forward with any facts for Drexel to rebut and failed to prosecute his claim while at the same time, Plaintiff has repeatedly ignored and violated the Orders and directives of this Court. Plaintiff has failed to file a Complaint containing any factual

allegations, failed to provide any Rule 26(a) Disclosures, failed to appear for a properly noticed deposition, failed to respond to Drexel's Motion to Dismiss Plaintiff's Claims, or Alternatively, Preclude Plaintiff From Offering Evidence to Support His Claims, and for Summary Judgment, and failed to file any Pretrial Memorandum as required by this Court's Scheduling Order.

2. Plaintiff was arrested by a Drexel Police Sgt. on August 13, 2010 outside Drexel's Athletic Center ("DAC") after Plaintiff had attempted to gain access to the DAC by using a Drexel Dragon Card, which is a student identification card, that did not belong to him and which he was not authorized to use. A Drexel employee working at the DAC confiscated the Drexel Dragon Card. Plaintiff demanded that the Drexel Dragon Card, which belonged to another Drexel student, be returned to Plaintiff, and became argumentative and belligerent when he was informed that the Drexel Dragon Card would not be returned to him. Despite repeated demands by Drexel Campus Police officers, Plaintiff refused to leave the DAC and ultimately had to be escorted out of the DAC. Once outside the DAC, Plaintiff continued to create a disturbance, continued to berate and debate Drexel Campus Police, and refused to leave the scene. After repeatedly instructing Plaintiff to leave the area outside the DAC and to stop debating and berating Drexel Campus Police, he was placed under arrest for Disorderly Conduct. Plaintiff sustained no injuries as a result of that arrest and was held in custody for only two hours while a Disorderly Conduct Citation was prepared and given to him.

### III. MONETARY DAMAGES

Plaintiff's handwritten Complaint seeks "$1.25 million as a symbolic monetary token of damages done to me [Plaintiff] and my [Plaintiff's] reputation." Drexel denies that Plaintiff suffered any damages and certainly no damages attributable to the actions of Drexel.

## IV. WITNESSES

Drexel may call the following witnesses and reserves the right to modify its Witness List in the event it discovers further information or evidence:

1. Former Drexel Police Sergeant Glenn Rambo, currently employed by the Amtrak Police Department. Former Sgt. Rambo was the arresting officer in this case.

2. Drexel's Assistant Director of Investigations, Robert Lis. Investigator Lis investigated Plaintiff's complaint regarding his arrest.

3. Shriram Raghu, 3733 Lancaster Ave., Phila., PA. Mr. Raghu was a Drexel student at the time of Plaintiff's arrest and Plaintiff used Mr. Raghu's Drexel's Dragon card to attempt to enter the DAC. Mr. Raghu did not give his Drexel's Dragon card to Plaintiff nor did he authorize Plaintiff to use that card.

4. Security Officer Jericho Taylor, Allied Barton/Drexel. Officer Taylor was present at the DAC and confiscated the Dragon Card after Plaintiff attempted to use it.

5. Drexel Police Officer Robert Allen, Drexel University Police Department. Officer Allen was present at the DAC while Plaintiff was there and transported Plaintiff after he was arrested.

## V. EXHIBITS

Drexel reserves the right to modify this Exhibit List upon discovery of further information.

1. Police reports relating to Plaintiff's arrest.

2. Plaintiff's student records.

3. Video recordings from DAC and police facility.

## VI. OBJECTIONS TO PLAINTIFF'S EXHIBITS AND EVIDENCE

Drexel objects to any evidence and/or exhibits by Plaintiff for the reasons set forth in Drexel's Motion for Sanctions and for Summary Judgment, and based on Plaintiff's failure to submit his Pretrial Memorandum as required by this Court's Scheduling Order.

## VII. DEPOSITION TESTIMONY

None.

## VIII. LENGTH OF TIME

1-2 days.

O'RIORDAN LAW FIRM

By: */s/ John F. O'Riordan*
John F. O'Riordan, Esquire
I.D. No. 59311
1601 Market Street
Suite 2601
Philadelphia, PA  19103
(215) 568-6864
Email: jfo@oriordanlaw.com

*Attorney for Defendant*
*Drexel University Police Department*

Date:  May 18, 2012

## **CERTIFICATE OF SERVICE**

I, John F. O'Riordan, Esquire, hereby certify that on May 18, 2012, I caused a true and correct copy of the foregoing Pretrial Memorandum to be filed electronically with the Court, where it is available for viewing and downloading from the Court's ECF system, and further certify that I served, via First Class mail, postage prepaid, and also sent by electronic mail, a true and correct copy of the foregoing Pretrial Memorandum upon the following:

Venu Surya
130 Lucerne Blvd.
Cherry Hill, NJ 08003

.

*/s/ John F. O'Riordan*
John F. O'Riordan