IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VENU SURYA,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **DREXEL UNIV. POLICE DEPT.,** | : | **NO. 11-3967** |
| Defendant. | : | |

**ORDER**

*Pro se* Plaintiff Venu Surya filed this civil lawsuit against Defendant Drexel University Police Department pursuant to 42 U.S.C. §1983. In a January 17, 2013 Order (Doc. No. 36), the Court set a date certain for a bench trial in this matter on March 4, 2013. On that date, Mr. Surya did not appear for trial, and following the opening of the proceedings during which the Court noted for the record that Mr. Surya had failed to appear, Drexel's counsel orally moved for dismissal of this case with prejudice pursuant to Federal Rule of Civil Procedure 41(b). Upon consideration of Drexel's oral motion and the record of this case, the Court orally granted the motion as specified in this Order. This Order serves to articulate in writing the Court's ruling and its rationale for doing so.

**AND NOW**, on this 4th day of March, 2013, upon consideration of Drexel's oral motion, the Court makes the following findings and conclusions:

**PROCEDURAL HISTORY**

1. Mr. Surya filed his Complaint (Doc. No. 1) on June 16, 2011. Drexel University Police Department filed its Answer (Doc. No. 5) on October 20, 2011. In the meantime and thereafter, Mr. Surya repeatedly requested the entry of default and default judgment, but due to various procedural failings in his requests, default was not entered. *See* Orders at Docket Nos. 7, 8, 10, 11.

1

2. On October 25, 2011, the Court entered a Scheduling Order (Doc. No. 6) setting initial pre-trial deadlines in this case.  The Court also held a status conference on December 15, 2011, at which it was explained to Mr. Surya that he was not entitled to default judgment at that time.  Mr. Surya was also reminded to adhere to the deadlines in the Court's Scheduling Order and to be sure to copy opposing counsel on all correspondence with the Court and filings.

3. In its October 21, 2011 First Amended Scheduling Order (Doc. No. 8), the Court extended the pre-trial deadlines set in the July 21, 2011 Scheduling Order.

4. The Court received an unsigned facsimile communication, dated January 27, 2012, bearing the caption of this case, and which appeared to be from Mr. Surya.  In response the Court issued an Order on January 31, 2012 (Doc. No. 20) which stated "the Court declines to authorize the stay of all proceedings in this case as appears to be the aim of the Plaintiff " and explained the Courts' reasons for doing so.  The Order also noted that "at the present time the discovery completion date previously set is more than a month away."

5. On April 20, 2012, Defendant filed a motion to dismiss or for summary judgment, in which Defendant outlined Mr. Surya's failure to provide initial disclosures, to appear for his scheduled deposition, or to otherwise participate in discovery. (Doc. No. 21).  The Court ordered Mr. Surya to respond no later than May 11, 2012.  (Doc. No. 22).

6. Not only did Mr. Surya fail to respond to Drexel's motion, he also failed to file a pre-trial memorandum by May 11, 2012, the deadline set in the Court's Scheduling Order.  *See* Scheduling Order ¶ 7.

7. Both a motion hearing and the scheduled final pretrial conference were held on May 30, 2012. Counsel for Drexel attended, but Mr. Surya failed to attend, despite receiving notice via certified mail.[1]

8. Following the hearing, the Court denied Drexel's motion without prejudice (Doc. No. 25) and entered an Amended Scheduling Order (Docket No. 26), which set a trial date certain of October 9, 2012.

9. On September 14, 2012, Drexel filed a motion *in limine*, largely repeating its previous motion to dismiss or for summary judgment. (Doc. No. 28). The Court ordered Mr. Surya to respond no later than October 4, 2012. (Doc. No. 29). The Court also set a hearing date for the motion on October 4, 2012, which was also the date set for a pretrial conference in the Court's Amended Scheduling Order. *See* Doc. No. 30.

10. Shortly before the October 4, 2012 conference, the Court received a call from Mr. Surya's sister, explaining that he had been hospitalized. The Court cancelled the conference and put the matter into suspense. *See* Doc. Nos. 31, 32.

11. On November 13, 2012, the Court received a fax from Mr. Surya stating that the matter could now go forward. The Court then ordered Mr. Surya to respond to the pending motion *in limine* by November 30, 2012 and to appear at a hearing on the motion on January 17, 2013. *See* Doc. Nos. 33, 34.

12. Mr. Surya did not respond to Drexel's motion and did not appear at the January 17, 2013 hearing. At the hearing, the Court granted in part and denied in part Drexel's motion. (Doc. No. 35).

---

[1] In fact, all Orders, at least from this point forward, were sent to Mr. Surya via certified mail. The Court received delivery confirmation for each.

13. The Court entered a Second Amended Scheduling Order setting a pretrial conference for February 28, 2013 and a trial date certain for March 4, 2013. (Doc. No. 36). Mr. Surya failed to appear for either proceeding.

**DEFENDANT'S MOTION UNDER FED. R. CIV. P. 41(b)**

14. Following the opening of the proceedings for trial, Drexel orally moved for involuntary dismissal of all claims pursuant to Fed. R. Civ. P. 41(b).

15. Ordinarily, the standard for dismissal under Fed. R. Civ. P. 41(b) requires consideration of certain specific factors established by the Court of Appeals for the Third Circuit in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). These factors are known as the "*Poulis* factors." These factors are:

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the opponent;
> (3) any history of dilatoriness;
> (4) whether the conduct of the party or the attorney was willful or in bad faith;
> (5) whether effective alternative sanctions are available; and
> (6) the meritoriousness of the claim or the defense.

*Id.* There is no "magic formula" for balancing these factors, *see Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992), nor must all of the factors be satisfied for a district court to dismiss a case. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003).

16. Here, at least five of the *Poulis* factors weigh in favor of dismissal under Fed. R. Civ. P. 41.1(b) for failure to prosecute.[2]

---

[2] The Court recognizes that it need not pursue a *Poulis* analysis when a plaintiff willfully refuses to prosecute his action. *See Spain v. Gallegos*, 26 F.3d 439, 455 (3d Cir. 1994) (affirming the district court's decision to *sua sponte* dismiss the plaintiff's remaining claims, because "in contrast to situations in which a court must balance factors because the plaintiff does not desire to abandon her case but has encountered problems in going forward, [the plaintiff] willfully refused to prosecute her remaining claims after receiving an adverse ruling by the district court" and "[i]ndeed, it is difficult to conceive of what other course [besides dismissal]. . . could have followed. Continuing the matter would not have helped [plaintiff], as she was not confronted

4

17. "[A] pro se plaintiff is responsible for his failure to attend a pretrial conference or otherwise comply with a court's orders." *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008). "Moreover, it is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney." *Id.* at 258-59. The record sufficiently supports the Court's conclusion that Mr. Surya, who is representing himself, is personally responsible for failing to comply with Court orders and deadlines–including orders setting a deadline for filing a pre-trial memorandum and motion responses–and failing to appear for multiple hearings, as well as the final pre-trial conference and date certain for trial. All of the Court's orders and notices were delivered to Mr. Surya's address of record.[3] In the absence of any indication or explanation in the record otherwise, the Court concludes that Mr. Surya is personally responsible for his pattern of failing to comply with Court orders and failing to attend the Court-ordered final pre-trial conference and date certain for trial. Accordingly, this factor weighs in favor of dismissal.

18. The Court concludes that the record sufficiently demonstrates that Drexel is prejudiced by Mr. Surya's repeated failure to comply with Court orders and failing to appear for final pre-trial conference and date certain for trial. Prejudice to an adversary includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial

---

with a situation in which she faced an obstacle to prosecution of her case that could have been overcome at a later date").
   Here, there is no indication from the record that Mr. Surya, in spite of desiring to pursue his case, has encountered problems in prosecuting his claim against Officer Holden. Rather, the overall record and history of this case demonstrates that Mr. Surya willfully has abandoned this action, and as such, dismissal under Fed. R. Civ. P. 41(b) would be appropriate without consideration of the *Poulis* factors.

[3] Local Rule of Civil Procedure 5.1 requires Mr. Surya to maintain his current contact information with the Clerk of Court.

5

strategy." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). By way of example, Mr. Surya's failure to participate in discovery, to file a pre-trial memorandum or to attend the final pre-trial conference is prejudicial to Defendant Drexel. Prejudice also includes a "type of deprivation of necessary information to final pretrial conferences. At the final pretrial conference, the District Court 'formulate[s] a trial plan, including a plan to facilitate the admission of evidence.' By this time, each party has fully disclosed the evidence it plans to present at trial. If the plaintiff has not disclosed all of its evidence prior to trial or fails to attend the conference, the District Court would not be able to properly formulate a plan, prejudicing the defendants in their trial preparations." *Briscoe*, 538 F.3d at 260 (quoting Fed. R. Civ. P. 16(e)). As another example, Mr. Surya's failure to appear at trial, and thus further delay the resolution of this case, is prejudicial to Defendant Drexel, who expended the time and expense of being prepared to defend against Mr. Surya's Complaint at trial (without the benefit of Mr. Surya's pre-trial memorandum or ostensibly any materials besides Mr. Surya's Complaint). Accordingly, this *Poulis* factor weighs in favor of dismissal.

19. Mr. Surya's conduct in failing to comply with the Court's Orders throughout the course of this case, despite various reminders and/or opportunities to cure non-compliance, demonstrates that Mr. Surya's conduct was "willful and not merely negligent or inadvertent." *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002). Accordingly, this factor weighs for dismissal.

20. The procedural history of this case reflects Mr. Surya's extensive delinquency and thus history of dilatoriness. As already discussed and as the record reflects, Mr. Surya has not met several court-ordered deadlines, despite various reminders and/or opportunities to cure non-compliance, and has not appeared for several court dates during the course of this case,


strategy." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). By way of example, Mr. Surya's failure to participate in discovery, to file a pre-trial memorandum or to attend the final pre-trial conference is prejudicial to Defendant Drexel. Prejudice also includes a "type of deprivation of necessary information to final pretrial conferences. At the final pretrial conference, the District Court 'formulate[s] a trial plan, including a plan to facilitate the admission of evidence.' By this time, each party has fully disclosed the evidence it plans to present at trial. If the plaintiff has not disclosed all of its evidence prior to trial or fails to attend the conference, the District Court would not be able to properly formulate a plan, prejudicing the defendants in their trial preparations." *Briscoe*, 538 F.3d at 260 (quoting Fed. R. Civ. P. 16(e)). As another example, Mr. Surya's failure to appear at trial, and thus further delay the resolution of this case, is prejudicial to Defendant Drexel, who expended the time and expense of being prepared to defend against Mr. Surya's Complaint at trial (without the benefit of Mr. Surya's pre-trial memorandum or ostensibly any materials besides Mr. Surya's Complaint). Accordingly, this *Poulis* factor weighs in favor of dismissal.

19. Mr. Surya's conduct in failing to comply with the Court's Orders throughout the course of this case, despite various reminders and/or opportunities to cure non-compliance, demonstrates that Mr. Surya's conduct was "willful and not merely negligent or inadvertent." *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002). Accordingly, this factor weighs for dismissal.

20. The procedural history of this case reflects Mr. Surya's extensive delinquency and thus history of dilatoriness. As already discussed and as the record reflects, Mr. Surya has not met several court-ordered deadlines, despite various reminders and/or opportunities to cure non-compliance, and has not appeared for several court dates during the course of this case,

including trial, despite receiving notification at his address of record as confirmed by delivery confirmation receipts of the Court's Orders. Accordingly, Mr. Surya's history of dilatoriness weights in favor of dismissal.

21. The Court does not have any alternative sanctions available to it because the discovery period has ended, the deadline for filing dispositive motions has passed, and all that remains in this case is the resolution of the merits. Even the date that the Court appointed for trial has passed without Mr. Surya's appearance. A plaintiff bears the mantle of prosecuting his case, and only Mr. Surya, as the plaintiff, can assume that burden, but he is demonstrating an unwillingness to do so. Mr. Surya is proceeding *pro se* and the Court cannot compel him to complete the prosecution of his case so that a sanction that otherwise might be viable and available to the Court (*e.g.*, reduction of the amount of any principal judgment Mr. Surya might ultimately obtain) could be employed. Similarly, the Court concludes that monetary sanctions, such as attorney's fees, would not be viable given that such an alternative would only serve to further protract this litigation without addressing the fundamental problem that the case cannot proceed in the absence of Mr. Surya's prosecution. Accordingly, this *Poulis* factor favors dismissal.

22. Because the *Poulis* factors just-described weigh in favor of dismissal, the Court concludes dismissal of the complaint under Fed. R. Civ. P. 41(b) is warranted.

23. However, because Mr. Surya was not present for trial on March 4, 2013 at the time Drexel's Fed. R. Civ. P. 41(b) motion took place, it is appropriate under the circumstances to provide Mr. Surya with an opportunity to explain his actions and provide a meaningful excuse for his dilatory conduct, including his failure to appear for the final pre-trial conference and appear for trial. Accordingly, the Court determines that

it is appropriate to dismiss this action *without* prejudice until March 26, 2013 on which date the dismissal converts to dismissal *with* prejudice, unless, by no later than March 25, 2013, Mr. Surya applies to the Court for relief by filing with the Clerk of Court an explanation for his conduct and any justifications he may have for failing to comply with the Court's orders and failing to appear at the start of trial on March 4, 2013.  If Mr. Surya fails to file such an application by no later than March 25, 2013, the dismissal *without* prejudice will convert to a dismissal *with* prejudice on March 26, 2013, without further notice to Mr. Surya.[4]

**Accordingly, it is hereby ORDERED** that the Defendant Drexel's oral motion for dismissal pursuant to Fed. R. Civ. P. 41(b) is GRANTED and all claims against Defendant Drexel are **DISMISSED without prejudice** until March 26, 2013 on which date all claims are **DISMISSED with prejudice**, unless by no later than March 25, 2013 Mr. Surya timely files with the Clerk of Court an application for relief that explains or provides any justifications he may have for failing to comply with the Court's orders, failing to appear at the final pre-trial conference, and failing to appear at the start of trial on March 4, 2013.

**IT IS FURTHER ORDERED** that, the Clerk of Court shall deliver this Order by certified mail delivery receipt, and **CLOSE** this case for all purposes, including statistics.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

---

[4] The Court concludes that if Mr. Surya fails to respond to this Order, which is being sent by certified mail, or otherwise communicate with the Court by March 25, 2013, Mr. Surya's failure to respond further tips the *Poulis* factors in favor of dismissal with prejudice.